IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS V. SANTORIELLO, | : | Civil Action No. 4:13-CV-02448 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| JAMES P. BRIDY, | : | |
| Defendant. | : | |

**MEMORANDUM**
August 19, 2015

Pending before this Court is a motion for summary judgment filed by Defendant James P. Bridy.  The motion seeks judgment on Plaintiff Louis V. Santoriello's partition action because of his belief that Plaintiff has waived his right to assert an ownership interest in the property at issue.  Though Defendant has not filed a reply brief, the time for filing has passed and the motion is now ripe for disposition.  In accordance with the following reasoning, Defendant's motion for summary judgment is denied.

**I. BACKGROUND**

This case involves a partition action involving a 186 acre parcel of land in Northumberland County known as "Boyer's Knob."  In September 1986, the parcel was deeded to Defendant and his brother, Edward A. Bridy through their mother's estate.  On October 27, 2009, Edward Bridy sent a letter to Defendant in which he

1

advised him that "all future cash distribution due and owing to Edward A. Bridy as a result of his fifty-percent (50%) fee simple interest in the 186 acre parcel of land . . . should be made payable to Louis Santoriello. . . ." Subsequently, Edward Bridy conveyed his interest in "Boyer's Knob" to Plaintiff's son, John Santoriello, through a Quit Claim Deed recorded in the Office of the Recorder of Deeds of Northumberland County on January 26, 2010. In March of that year a second deed was filed to confirm this transfer.

    On April 22, 2010, Plaintiff sent to Defendant a letter which he alleges to be in response to Edward Bridy's October 27, 2009 correspondence. In that letter, Plaintiff stated, "As to Edward Bridy's letter to you dated October 27, 2009 requesting that 'future cash distributions' from the Boyer's Knob property be made payable to me, I hereby acknowledge that the letter and assignment are invalid and I claim no rights in the past, present or future to the referenced property or any income, draws or distributions related to that property."

    Two years later, on September 28, 2012, a deed was filed by John Santoriello which transferred his interest in the Boyer's Knob property to Plaintiff. On October 7, 2012, Plaintiff sent an email to Defendant in which he advised Defendant of the transfer, stating, "Jamie, The Pennsylvania property is totally changed into my name only." The instant action followed in April 2013.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" where it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" where "the evidence is such that a reasonable jury," giving credence to the evidence favoring the nonmovant and making all inferences in the nonmovant's favor, "could return a verdict for the nonmoving party." *Id*.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).  The moving party may satisfy this burden by either (i) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (ii) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  *Id*. at 331.

Where the moving party's motion is properly supported, the nonmoving party, to avoid summary judgment in his opponent's favor, must answer by setting

forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed must" be supported by "materials in the record" that go beyond mere allegations, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); see also *Anderson*, 477 U.S. at 248–50.

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003). Furthermore, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court. *BWM, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Although

the Court may consider any materials in the record, it need only consider those materials cited. Fed. R. Civ. P. 56(c)(3).

## III. DISCUSSION

Defendant argues that Plaintiff waived his right to assert an ownership interest in the property at issue by virtue of his April 2010 letter which Defendant contends contained an express declaration that relinquished all of Plaintiff's rights to the property in the past, present and future. Plaintiff responds that this letter was written in response to what Plaintiff believed to be an invalid assignment and that the property has since been validly transferred to him. The letter, he contends, was only intended to waive his rights based on the invalid assignment, not the legal transfer of property that has since occurred.

This Court agrees with the Plaintiff. A legal waiver is defined as the "act of intentionally relinquishing or abandoning some known right, claim or privilege. To constitute a waiver of legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evident purpose to surrender it. Waiver is essentially a matter of intention." *Zivari v. Willis*, 611 A.2d 293, 295 (Pa.Super. 1992) (quoting *Brown v. City of Pittsburgh*, 186 A.2d 399, 401 (Pa. 1962)).

Here, Plaintiff clearly waived his rights to the Boyer's Knob property in the past, present and future stemming from Edward Bridy's October 27, 2009

assignment. However, there is no indication that he intentionally and unequivocally waived his rights to the property stemming from the subsequent legal conveyance on September 28, 2012. Consequently, summary judgment is denied.

## IV. CONCLUSION

In accordance with the foregoing reasoning, Defendant's motion for summary judgment is denied.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge