**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN A. SANTORIELLO, *et al.* | : | Case No. 4:13-CV-02448 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| JAMES P. BRIDY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

November 3, 2016

Before the Court for disposition is Defendant James P. Bridy's

("Defendant") Motion to Compel Discovery. For the reasons that follow, the

Motion to Compel will be granted in part and denied in part.

## I.      BACKGROUND

This action, brought before the Court by Notice of Removal on September

24, 2013, is for a partition and an accounting of all monies paid out for a subject

property.[1]  Specifically, Plaintiff John A. Santoriello[2] seeks the partition of a 186

---

[1]  Action to Partition Real Property ("Action")(ECF No. 1-1), at 6.

[2]  This action was commenced by Louis V. Santoriello.  Louis Santoriello, however, died on or about September 6, 2016. See Letter of Sept. 6, 2016 (ECF No. 60).  By Order of this Court dated June 22, 2016, John A. Santoriello and Edward Bridy were joined as necessary plaintiffs. Order of June 22, 2016 (ECF No. 50).  Following the death of Louis V. Santoriello, they remain the plaintiffs in this action.

acre parcel of land in Northumberland County known as "Boyer's Knob."[3]

Plaintiff further seeks an accounting of all monies derived from and paid out for

this property.[4]

The relevant ownership history of "Boyer's Knob" began in September 1986

when the Estate of Ellen Bridy deeded the property to brothers James P. Bridy and

Edward A. Bridy as tenants in common.[5]   Co-ownership by the Bridy brothers

continued un-interrupted until January 26, 2010.  During that period of co-

ownership, an emergency services tower was constructed on the property.[6]  This

emergency services tower currently generates income of $1,000 per month.[7]

Co-ownership by the Bridy brothers ended on January 26, 2010 when

Edward A. Bridy transferred his interest in Boyer's Knob to Plaintiff John A.

Santoriello.[8]  A quitclaim deed recorded on that day in the Office of the Register

and Recorder of Northumberland County memorializes this transfer and contains a

brief description of the property as "Boyer's Knob."[9]  Two months later, on March

---

[3]  Def.'s Br. in Supp. of Mot. to Compel (Def.'s Br.")(ECF No. 43) at 1.

[4]  Action ¶ 16(c), at 6.

[5]  Id. ¶ 4, at 4.

[6]  Id. ¶ 9, at 5

[7]  Id.

[8]  Id. ¶ 5, at 4.

[9]  Id.; see also "Quit Claim Deed" (ECF No. 1-2) at 9–13.

30, 2010, a second deed was executed commemorating the transfer between Edward A. Bridy and John A. Santoriello.[10]  This deed contains a comprehensive property description of "Boyer's Knob," and references the quit claim deed of two months prior.[11]

On September 28, 2012, the half-interest ownership of Boyer's Knob was again transferred; this time from John A. Santoriello to Louis V. Santoriello.[12]  A deed commemorating this transfer of ownership was subsequently recorded in Northumberland County.[13]  Louis V. Santoriello[14] filed an Action in Partition in the Court of Common Pleas of Northumberland County which was subsequently removed to this Court on the basis of diversity jurisdiction.

The pertinent recent history of this case is as follows.  On November 13, 2015, a Report of the Mediator indicated that settlement had been reached between the parties.[15]  This Court subsequently issued an Order on November 16, 2015 dismissing the case, but granting the parties the right to reinstate the action within

---

[10]  Def.'s Br. at 1.

[11]  See "Deed of Mar. 25, 2010" (ECF No. 40-2), at 37–42.

[12]  Action ¶ 6, at 5.

[13]  Id.

[14]  As previously noted, Louis V. Santoriello has since passed away.  The action thus continues with these plaintiffs and with a soon-to-be named executor of Louis V. Santoriello's estate.

[15]  ECF No. 23.

60 days if settlement is not consummated.[16]  The case was subsequently reopened

on February 3, 2016 due to a failure by the parties to finalize settlement.[17]

Additional Plaintiffs John A. Santoriello and Edward A. Bridy were joined on June

22, 2016, and the discovery deadline has twice been extended on June 17, 2016

and again on October 11, 2016.[18]

    The progression of discovery in this case has been both extended and

contentious.  On March 27, 2014, Defendant James P. Bridy served his First Set of

Interrogatories and Requests for Production of Documents.[19]  Plaintiff's Answers,

received on June 16, 2014, were subsequently deemed insufficient by Defendant in

a letter dated August 15, 2014.[20]  Plaintiff served a Second Set of Interrogatories

and Requests for Production of Documents on August 18, 2014.[21]  Defendant was

again dissatisfied with the completeness of these responses and expressed as such

in a second letter dated January 9, 2015.[22]  Since the reopening of the case,

Defendant has requested complete discovery responses in letters dated March 21,

---

[16]  ECF No. 24.

[17]  Order of February 3, 2016 (ECF No.28).

[18]  ECF Nos. 35, 47 & 64.  The current discovery deadline in this case is January 11, 2017.

[19]  ECF Nos. 40-1 & 40-2.

[20]  ECF No. 40-3.

[21]  ECF Nos. 40-4 & 40-5.

[22]  ECF No. 40-6.

2016, April 28, 2016, May 12, 2016, and May 17, 2016.[23]  Defendant thereafter

resorted to motions practice on May 23, 2016 by filing the instant Motion to

Compel.[24]  On September 2, 2016, Plaintiff informed the Court that supplemental

discovery had been served on Defendant in accordance with this Court's

direction.[25]  Defendant has since indicated that the supplemental discovery is

inadequate.  The Court is now compelled to rule on the Defendant's pending

Motion to Compel full and adequate discovery responses.

## II.   DISCUSSION
### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim

or defense and proportional to the needs of the case."[26]  Courts interpret relevancy

"broadly to encompass any matter that bears on, or that reasonably could lead to

other matter[s] that could bear on, any issue that is or may be in the case."[27]

Discovery requests are, therefore, relevant so long as " 'there is any possibility that

the information [requested] may be relevant to the general subject matter of the

---

[23]  ECF Nos. 40-7 & 40-8.

[24]  ECF No. 40.

[25]  ECF No. 59.

[26]  Fed.R.Civ.P. 26(b)(1).

[27]  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350–51 (1978).

5

action.' "[28]  The determination of matters relating to discovery is left to the

discretion of the trial court.[29]

A party objecting to the discovery request must show that the requested

materials do not fall "within the broad scope of relevance ... or else are of such

marginal relevance that the potential harm occasioned by disclosure would

outweigh the ordinary presumption in favor of broad disclosure."[30]  Court will

specifically not permit discovery requests which are (1) made in bad faith, (2)

unduly burdensome, (3) irrelevant to the general subject matter of the action, or (4)

related to confidential or privileged information. [31]

In the instant case, Plaintiff seeks discovery through two devices:

interrogatories and requests for production.  Federal Rule of Civil Procedure 33

allows "no more than 25 written interrogatories" relating to "any matter that may

be inquired into under Rule 26(b)."[32]  Answers to such interrogatories must be

completed "by the party to whom they are directed," and served by the responding

---

[28] Brown v. James, No. 4:03-CV-0631, 2009 WL 743321, at *3 (M.D.Pa. Mar. 18, 2009) (McClure, J.) (quoting Caruso v. Coleman Co., 157 F.R.D. 344, 347 (E.D.Pa.1994)).

[29] Illes v. Beaven, Civil No. 1:12–CV–0395. 2013 WL 522075, at *1 (M.D.Pa. Feb. 11, 2013) (Caldwell, J.) (citing Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir.1987)).

[30] Brown, 2009 WL 743321, at *3 (quoting Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D.N.Y.1987)).

[31] Id. (citing Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D.Pa.1996) & Goodman v. Wagner, 553 F.Supp. 255, 258 (E.D.Pa. 1982)).

[32] Fed.R.Civ.P. 33(a).

party within thirty days.[33]  Requests for production of documents are governed by Federal Rule of Civil Procedure 34.[34]  Specifically, a party served a request under this rule must "produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."[35]  Once served with said requests for production, a party must respond within thirty days.[36]  If a party fails to respond to either discovery mode within the required time period, the requesting party is permitted under Federal Rule of Civil Procedure 37 to move for an order compelling a response.[37]

### B. Analysis

The Court has reviewed Defendant's Motion to Compel and all related discovery requests and answers.  For ease of understanding, disposition of the issues raised by the Motion will follow the organization of Defendant's supporting brief.

---

[33]  See Fed.R.Civ.P. 33(b)(2).

[34]  Fed.R.Civ.P. 34.

[35]  Id.

[36]  Fed.R.Civ.P. 34(b)(2)(A).

[37]  See Fed.R.Civ.P. 37(a)(3)(B)(iii)–(iv).

### (1) Defendant's Objections

Within his Motion to Compel, Defendant first addresses Plaintiff's objections to his Second Set of Requests for Production  Numbers 1, 2, 3, 9, and 11, and his Second Set of Interrogatories  Numbers 11 and 15.  In these discovery requests, Defendant is seeking information and documents relating to (1) the 2010 real estate transaction between Edward Bridy and John Santoriello, and (2) the continuing rights of Edward Bridy to the property.  Plaintiff, in turn, has objected to these requests and interrogatories because they are "directed solely at purported rights of a third party," namely Edward A. Bridy.

After considering both the factual background and legal issues presented by this case, the Court finds these objections to be without merit.  As Defendant has noted within its Brief in Support of the Motion to Compel, Edward A. Bridy has been added as party to the litigation.[38]  While Plaintiff responds within his supplemental discovery that Edward A. Bridy has relinquished any right to the property, such a release of rights within this action has not been memorialized with the Court.  The parties had agreed in the telephone conference call of June 28, 2016 to file a joint motion removing Mr. Bridy from the case.  Such a motion has not yet been filed.  Consequently, Mr. Bridy remains a party to the instant litigation

---

[38]  Order of June 22, 2016 (ECF No. 50).

with potential rights to the property.  Any information concerning his rights and interests in the property is therefore relevant to the instant dispute.

Furthermore, within Defendant's Answer, he asserts affirmative defenses of fraud and/or unclean hands which would preclude Plaintiff from being granted partition.[39]  Such defenses are based on the transactions between the Santoriellos and Edward Bridy which Defendant argues were designed to defeat Mr. Bridy's creditors and ensure priority status for the Santoriellos as creditors.[40]  Therefore, information concerning those transactions with Edward Bridy, as sought through the above mentioned requests, is within the scope of discovery as allowable by Federal Rule of Civil Procedure 26(b)(1).

### (2) Relevance of Defendant's Interrogatories
### a.  Consideration

Interrogatory Numbers 2 and 8 within Defendant's First Set of Interrogatories and Interrogatory Number 1 within the Second Set of Interrogatories seek information concerning the exact amount of consideration paid by John Santoriello to Edward Bridy for the Boyer's Knob property.  Plaintiff, in his supplemental discovery responses delivered to Defendant on or about

---

[39]  The affirmative defense of "unclean hands" is applicable where the wrongdoing of the plaintiff directly affects the equitable relationship subsisting between the parties and is directly connected with the matter in controversy. In re New Valley Corp., 181 F.3d 517, 525 (3d Cir. 1999).

[40]  See Letter of Jan. 9, 2015 (ECF No. 40–6).

September 2, 2016, writes that consideration for the transfer was the satisfaction of

debt owed by Edward Bridy to the Santoriellos as evidenced by previously

produced promissory notes.[41]  He further argues that the precise amount, because it

is in excess of the property value, is irrelevant to the present value of Boyer's

Knob or the partition action.

I disagree.  I find this evidence relevant to Defendant's asserted affirmative

defenses of fraud and/or unclean hands and thus within the broad scope of

allowable discovery.[42]  Plaintiff also argues, in his supplemental responses, that

"the prospect of income being generated from the land was considered and as such

[the transfer of the property interest in Boyer's Knob from Edward Bridy to John

A. Santoriello] was an arms-length transfer."[43]  This is a rather conclusory

statement which Defendant is not required to accept.  Defendant is instead entitled

to discovery as this issue is relevant to his affirmative defenses to the partition

action.  Therefore, to the extent possible and to the extent the consideration

exceeds the debt reflected within the previously sent promissory notes, Plaintiff is

---

[41]  "Pl.'s Supp. Resps." (ECF No. 66) at 9.

[42]  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed.R.Evid. 401.

[43]  See "Pls.' Supp. Resps." (ECF No. 66), at 9.

directed to answer Defendant's interrogatories concerning the exact amount of

consideration paid by John Santoriello to Edward Bridy.

### b. Enclosed Information Referenced in a Letter and Contact Information Concerning Income Sources

Defendant also seeks to compel Plaintiff to more fully answer Interrogatory

Number 10 within the First Set of Interrogatories.  Interrogatory Number 10 seeks

information regarding Plaintiff's knowledge of potential income sources for

Boyer's Knob."  Plaintiff's supplemental responses note that Plaintiff has spoken

with a representative from PP&L and representatives from the Northumberland

County Commissioners concerning the present cellular tower.  Plaintiff further

indicates within his supplement that present income from the property stems from

the currently operating cell tower and a pipeline easement.[44]

In sum, Defendant's Motion to Compel further information concerning

income sources is denied.  First, Plaintiff has supplemented his initial response

with specific contact information for representatives and greater factual detail and

explanation concerning potential income sources.[45]  Second, I note that

interrogatories and requests for production of documents are not the only means of

attaining comprehensive discovery.  Therefore, to the extent Defendant desires to

---

[44] Id. at 2–3.

[45] See id.

11

further explore the Santoriellos' knowledge of the potential sources of income,

John A. Santoriello is available for deposition on this issue.

### c. Contact Information Re: Tax Ramifications of Transfer

Defendant next asks the Court to compel Plaintiff to answer Interrogatory

Number 8 within the Second Set of Interrogatories.  Interrogatory Number 8

specifically asks: (1) why Plaintiff did not file an IRS form 1099 informing the

U.S. Treasury of the amount of Gross Proceeds Edward Bridy received as a result

of his purported sale of land, (2) if Plaintiff sought outside counsel concerning this

decision, and (3) the names and contact information for outside counsel consulted

for this transaction.[46]  Plaintiff, in turn, argues that this information is irrelevant as

the transfer between Edward Bridy and John A. Santoriello was "an arms-length

transaction . . . done for fair and adequate consideration."[47]

The Court will grant Defendant's Motion to Compel as to this interrogatory.

As noted throughout, Federal Rule of Civil Procedure 26(b)(1) provides that a

party "may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim **or defense** and proportional to the needs of the case."[48]  Here, I

find that the information sought would be relevant toward proving or disproving

---

[46] See id. at 10.

[47] Id.

[48] Fed.R.Civ.P. 26(b)(1) (emphasis added).

Defendant's defenses of fraud or unclean hands.  Plaintiff is therefore directed to respond fully to Defendant's Interrogatory Number 8.

### d. Edward A. Bridy's Right of First Refusal- Notice & Right to Notice of Disclosure

Defendant also asks this Court to compel Plaintiff to answer Interrogatory Numbers 11 and 15 within Defendant's Second Set of Interrogatories.   These interrogatories concern rights conferred upon Edward Bridy by the settlement agreement executed between Edward Bridy and Plaintiffs.  This settlement agreement vested Mr. Bridy with (1) a right of first refusal upon notice of a sale seller finds acceptable, and (2) the option to seek a protective order in this action. Plaintiff argues that this information is irrelevant because Mr. Bridy has relinquished his rights in the property.  As noted above, the Court notes that a joint motion memorializing this relinquishment of rights and removing Edward Bridy from the case has not been filed.  Mr. Bridy therefore remains a party to the action. Until he is removed from the action, Mr. Bridy's rights are relevant to the ultimate disposition of the subject property.

### (3) Relevance of Defendant's Requests for Production
### a. Proof of Debt – Transferred Funds

Defendant next asks this Court to compel Plaintiff to produce documentation in response to his Requests for Production Numbers 2 and 8 in the First Set of

Requests for Production of Documents and Number 9 in the Second Set.[49] Defendant specifically seeks documentation proving that Plaintiff had in fact loaned money to Edward Bridy.  In response, Plaintiff argues that (1) it is not in possession of any canceled checks evidencing such transactions, (2) a banking institution is unlikely to have retained such records, and (3) the promissory notes provided are more than ample evidence of debt and there is no reason for providing further evidence.[50]

Based again on Edward Bridy's addition as a party and Defendant's asserted defenses of fraud and unclean hands, I find this requested information within the broad scope of discovery allowable under Federal Rule of Civil Procedure 26(b)(1).  Therefore, to the extent Plaintiff has within his possession such information, he is ordered to produce that information in response to the cited requests for the production of documents.  I note, however, that Plaintiff rightly pointed out that banking institutions may no longer maintain such records.  If Plaintiff is unable to secure such records, Defendant will have to procure evidence that money was loaned in accordance with the promissory notes through other means of discovery.

---

[49]  Def.'s Br. at 12–13.

[50]  Pl.'s Supp. Resps. at 3, 7.

### b.  Full Copy of Appraisal

Defendant's Request Number 6 within his First Set of Requests for

Production of Documents seeks a copy of all appraisals of "Boyer's Knob."

Plaintiff subsequently produced an appraisal consisting of only 7 of 17 total pages.

In his supplemental responses, Plaintiff indicated that he is only in possession of

those pages, but will request the full report from the appraiser.[51]   In accordance

with this opinion, Plaintiff is directed to produce the full appraisal to Defendant

upon receipt from the appraiser.

### c.  Fully Executed Copy of Settlement Agreement &
### Additional Agreements Re: Subject Property

Defendant's Request Number 1 and 7 in the First Set of Requests for

Production of Documents and Request Number 6 in the Second Set of Requests for

Production of Documents seek (1) a copy of the fully executed settlement

agreement between the Santoriellos and Edward Bridy, and (2) any previously

executed settlement agreement and/or any other similar agreement as to the

property.[52]   Plaintiff responds that, although page six in the previously produced

settlement agreement does not contain Edward Bridy's signature, the following

pages are fully executed and thus this document represents a completely executed

agreement.  Furthermore, Plaintiff argues that, although the settlement agreement

---

[51]  Pl.'s Supp. Resps. at 4.

[52]  Def.'s Br. at 13–14.

refers to "previously executed settlement agreements," this is boilerplate language and Plaintiff does not recall prior agreements.[53]  The Court finds that Plaintiff has complied to the extent possible with these requests for the production of documents.  There is no indication that further documentation exists which satisfies this criterion.  Defendant's motion to compel is therefore denied as to Requests for Production 1 and 7 in the First Set of Requests for Production of Documents and Request Number 6 in the Second Set of Requests for Production of Documents.

### d.  Correspondence

Finally, in Requests 3 and 9 within Defendant's First Set of Requests for the Production of Documents, Defendant requests all correspondence between Edward Bridy and John/Louis Santoriello.  In response, Plaintiff states that he has produced all evidence of correspondence within his possession not subject to attorney client privilege between Plaintiff's prior counsel, Edward Turk, and his clients.[54]  Defendant, however, seeks through its Motion to Compel all evidence not only within Plaintiff's possession, but within his control or the possession of his agents.[55]  In his supplemental responses, Plaintiff explains that much of

---

[53]  Pl.'s Supp. Resps. at 4.

[54]  Id. at 5.

[55]  Def.'s Br. at 14.

correspondence was in the form of emails and thus no longer exists.[56]  Plaintiff,

however, invites the Defendant to depose Edward Bridy and/or John Santoriello to

establish the content of said lost communications.  Therefore, based on a review of

the documentation produced by Plaintiff and his supplemental responses, the Court

finds that Plaintiff has complied with Requests 3 and 9 within Defendant's First

Set of Requests for the Production of Documents and Defendant's Motion to

Compel will be denied with respect to these requests.  Defendant is directed, to the

extent he so desires, to further explore this issue through depositions of the parties.

### (4) Award of Costs, Including Legal Fees

Defendant asks that this Court order Plaintiff to pay the reasonable expenses

and attorney's fees incurred through the production of the instant motion to

compel.  In an affidavit made by defense counsel filed with this Court, Defendant

states that said expenses and costs associated with this motion total

$ 2,000.[57]  Federal Rule of Civil Procedure 37(a)(5)(C) states that, if a motion to

compel is granted in part and denied in part, the court "**may . . .** after giving an

opportunity to be heard, apportion the reasonable expenses for the motion."[58]

Here, Defendant's Motion to Compel has been only partially granted.  Thus, it is

---

[56]  Pl.'s Supp. Resps. at 5.

[57]  Affidavit (ECF No. 65).

[58]  Fed.R.Civ.P. 37(a)(5)(C) (emphasis added).

within the Court's discretion whether to award attorney's fees and reasonable expenses related to the production of this Motion.

Based on the disposition of this motion and in accord with the discretion afforded to district courts in making such a determination, I will not impose discovery sanctions upon Plaintiff or his counsel.  As noted above, Plaintiff's failure to answer specific interrogatories and/or produce requested documents stemmed from a good faith argument concerning the relevance of such requests. Other disputes within the Motion to Compel stemmed from adequacy of such productions and answers given the existing evidence and knowledge.  In my view, these disputes and non-compliance do not merit the imposition of discovery sanctions under Federal Rule of Civil Procedure 37.  Therefore, I will decline to award Defendant attorney's fees or costs.[59]

## III.   CONCLUSION

Based on the above analysis, Defendant's Motion to Compel (ECF No. 40) will be granted in part and denied in part.  Parties are directed to promptly proceed in accordance with discovery directives contained within this Memorandum.

An appropriate Order follows.

---

[59] See Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir.1995) ("[T]he imposition of sanctions for abuse of discovery under Fed. R. Civ. Pro. 37 is a matter within the discretion of the trial court." (internal quotation marks omitted)).

BY THE COURT:


    s/ Matthew W. Brann
Matthew W. Brann
United States District Judge